UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Noe Hernandez,

    Plaintiff,

v.

United States of America, et al.,

    Defendants.

Case No. 18-11019

Senior U.S. District Judge
Arthur J. Tarnow

U.S. Magistrate Judge
Elizabeth Stafford

_____/

**Order Granting Motion to Dismiss [25], Denying Motion to Change Venue [29], and Denying Motion to Compel Arbitration [33]**

On May 18, 2015 Plaintiff Noe Hernandez was placed on indefinite administrative leave from his employment at the Social Security Administration for "bullying" coworkers. Mr. Hernandez alleges that this was a thin pretext to retaliate against him for his union activities, including his representation of other SSA employees as their union's Equal Employment Opportunity representative. He seeks relief under Title VI and Title VII of the Civil Rights Act, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), 42 U.S.C. §§ 1981 & 1983, the Whistleblower's Protection Act, the Federal Arbitration Act, Michigan's Elliot Larsen Civil Rights Act, and Michigan tort law.

The Court now finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

## Procedural Background

Plaintiff filed suit on March 29, 2018 [Dkt. # 1]. Defendants, the United States, the Social Security Administration ("SSA"), and SSA employees, filed a Motion to Dismiss on June 19, 2018 [25]. On June 28, 2018, Plaintiff filed a Motion to Change Venue that sought to "transfer" his EEOC cases to this Court's jurisdiction [25]. On July 6, 2018 Plaintiff filed a Petition to Compel Arbitration labelled an Amended Complaint [30], and on July 7, 2018, he filed a Motion to Compel pursuant to the Federal Arbitration Act [33]. On September 11, 2018, the Court held a conference and it was agreed that both parties may file supplemental briefing. On October 11, 2018 Defendants filed briefs to supplement their motion to dismiss to take into account Plaintiff's Motion to Compel Arbitration [35], and on November 4, 2018, Plaintiff filed a response to this motion [36].

## Factual Background

Plaintiff Noe Hernandez began working for the Social Security Administration in April 2001. (Compl. pg. 3). During that time Mr. Hernandez served as the Vice President in the American Federal Governments Employees ("AFGE") union in Area III of SSA, for over 400 members and 22 offices. He was also the Equal Employment Opportunity representative for the Union in 2015. (Id. at pg. 5).

The events giving rise to this lawsuit occurred when Mr. Hernandez was working in Pontiac, Michigan. Mr. Hernandez claims that during a conference call on October 31, 2014, Defendant El-Amin directed "the entire management team to solicit written statements from co-workers to label Plaintiff Hernandez as a bully." (Compl. pg. 6). Mr. Hernandez asserts that he "was singled out and treated unjust [sic] because of the role he played, the actions he took, and the events he witnessed in the SSA Agency." (Id. at pg. 7).

Defendants apparently initiated misconduct charges against Mr. Hernandez. According to Mr. Hernandez, "[t]he charges entailed 1) disrupting the office 2) inappropriate behavior, 3) failure to follow a management directive, and 4) Absence Without Leave (AWOL)." (Compl. pg. 7). He states that the charges "were based solely on solicited false information received from the Defendants." (Id.). Mr. Hernandez was placed on indefinite administrative leave on May 18, 2015. (Id. at pg. 11).

Following his suspension, Mr. Hernandez entered into an SSA, Region V and AFGE Local 3239 union sponsored arbitration proceeding on October 14, 2015 through its Collective Bargaining Agreement's grievance process. (Pl. Ex. F). His grievance was heard by Arbitrator Dennis E. Minni and a recorded transcript of 708 pages were taken over three hearing dates. (Id.). On January 28, 2017, Arbitrator Minni issued an opinion finding that Mr. Hernandez "has not been shown to have

put his hands on anyone without their consent." (Id.). Mr. Hernandez was reinstated on March 23, 2017. (Id.).

The Arbitration Award provided as follows.

> "The grievance is awarded as prayed for. The Employer shall have a reasonable time to arrange for his re-entry to the bargaining unit at he Pontiac office. Me. Hernandez is to receive back pay from the time his paid administrative leave ended. His seniority for the time he has been off work from the Agency shall be restored and shall inure to his use for bidding on work-related matters such as shifts, vacation times, fringe benefits and standing to exercise any and all rights of the AFGE Master Agreement or local supplemental CBA, if any.
> 
> His back-pay specification shall not be assessed interest not shall he receive promotion to any other position he might have previously applied for by virtue of this award since same was not prayed for nor do I have the contractual power to grant such a measure."

(Pl. Ex. F. pg. 14-15).

## LEGAL STANDARD

The United States moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(1) challenge to subject matter jurisdiction takes the form of a facial attack or a factual attack. Defendants makes a factual attack, which means that it challenges "the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). Accordingly, Plaintiff's factual allegations do not get the benefit of the presumption of truthfulness, and the Court

may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, by contrast, the Court must "construe the complaint in a light most favorable" to Plaintiff and "accept all of [its] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" *Id. quoting LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive such a motion, Plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). That said, "*pro se* status does not exempt the plaintiff from the

requirement that he comply with relevant rules of procedural and substantive law." *Weron v. Cherry*, 2008 WL 4614335, at *2 (E.D. Tenn. Oct. 14, 2008).

### ANALYSIS

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008). The Court will have no jurisdiction over causes of action arising against the federal Defendants absent a waiver of such immunity. To this end, Plaintiff seeks to establish jurisdiction under the Federal Torts Claims Act ("FTCA"), Title VI and Title VII of the Civil Rights Act of 1964, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"), 42 U.S.C. §§ 1981 & 1983, the Whistleblower's Protection Act ("WPA"), and the Federal Arbitration Act ("FAA"). He also brings a state law claims under Michigan's Elliot-Larsen Civil Rights Act and Michigan tort law.

**§ 1983 and Malicious Prosecution**

42 U.S.C. § 1983 is inapplicable because the Social Security Administration Defendants were acting under color of federal law, not state law. 42 U.S.C. § 1983 (providing Courts with jurisdiction where the defendant is "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.").

Mr. Hernandez cannot make out a malicious prosecution claim because he was not prosecuted. His removal proceeding was never criminal and law enforcement was not involved. "The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). No such injuries are raised by Mr. Hernandez.

### *Bivens*, FTCA, Assault and Battery, and WPA

The intentional torts exception of the FTCA bars recovery for the assault and battery claims alleged against SSA employees. 28 U.S.C. § 2680(h). None of the alleged tortfeasors were law enforcement, so the law enforcement exception to the intentional tort doctrine does not apply. The Government is therefore entitled to sovereign immunity as to any assault and battery suffered by Mr. Hernandez at the hands of the SSA employee who allegedly grabbed his hand on June 2, 2015.

Mr. Hernandez's *Bivens* and FTCA claims are also foreclosed by the Civil Service Reform Act of 1978. "The Civil Service Reform Act ("CSRA") spells out in painstaking detail the path an employee must follow if he wants to challenge a prohibited personnel practice." *Krafsur v. Davenport*, 736 F.3d 1032, 1037 (6th Cir. 2013). The Sixth Circuit thus found that Federal Employees cannot use *Bivens* to

shortcut the CSRA's dispute resolution process (which includes a Merit Systems Protection Board review appealable to the Federal Circuit). *Id*. *Krasfur* declined to carve an exception out of the CSRA's exclusivity for constitutional challenges to prohibited personnel actions. *Id* at 1037. The CSRA also provides the exclusive remedy for Mr. Hernandez's Whistleblower's Protection Act claims. *Stella v. Mineta*, 284 F.3d 135 (D.C. Cir. 2002).

**Enforcement of Arbitration**

Mr. Hernandez also moves to "enforce" the January 28, 2017 arbitration award that awarded him backpay and reinstated him to his position at the SSA. Though he has been awarded backpay and has been reinstated, he believes that a court enforcement of the arbitration award should provide for interest, which Arbitrator Minni expressly declined to award, and compensatory and punitive damages arising from his temporary loss of health insurance and salary. The Court lacks jurisdiction to even consider the viability of this claim, however, because Mr. Hernandez was not a party to the CBA and therefore does not have standing to sue under the Federal Arbitration Act. *Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 404-05 (6th Cir. 1988) (holding that the union who is party to the CBA has the exclusive right to sue under the FAA, and that the aggrieved employee has no individual standing under the FAA). Mr. Hernandez's case was brought to arbitration by the AFGE, Local 3239. Only the union can contest the award.

**Employment Discrimination**

Mr. Hernandez argues that his suspension was both retaliation for his union activities as EEO representative and race-based discrimination. These claims are governed by Title VI and Title VII of the Civil Rights Act of 1964. The Civil Rights Act provides "the exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. GSA*, 425 U.S. 820, 829 (1976). Michigan's Elliot Larsen Civil Rights Act and 42 U.SC. § 1981 are therefore not applicable to this case.

Before this Court has jurisdiction, however, Plaintiff must exhaust his administrative remedies with the EEOC, which is typically demonstrated by a right to sue letter. Plaintiff has attached as Exhibit E the EEO counselor's report on his suspension. As evidenced by his motion to transfer venue of the EEOC claims, however, at least three of the claims are still pending at the EEOC or barred for failure to timely file. This suit is therefore premature.

> "The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee 'must initiate contact with a[n EEO] [c]ounselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action' in order to facilitate informal resolution of the dispute. Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims."

*Hunter v. Sec'y of United States Army*, 565 F.3d 986, 993 (6th Cir. 2009).

If Mr. Hernandez is to seek judicial redress for discrimination, he must first produce proof of exhaustion of his administrative remedies at the EEOC. In the absence of such proof, the Court cannot exercise jurisdiction over such claims. The purpose of the exhaustion requirement "is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citation omitted).

Mr. Hernandez must see his employment discrimination claims through the EEOC process before bringing suit in federal court. He cannot, as he seeks to do, transfer his EEOC claims into this Court. His employment discrimination claims will therefore be dismissed without prejudice, and so may be reopened if Mr. Hernandez produces proof that he has exhausted his administrative remedies at the EEOC.

## CONCLUSION

All of Mr. Hernandez's claims will be dismissed with prejudice by this Order, except any employment discrimination claims that were properly filed with the EEOC, which will be dismissed without prejudice. Mr. Hernandez's 42 U.S.C. § 1983 and Malicious Prosecution claims do not state a legally cognizable cause of action. His *Bivens*, FTCA, and WPA claims are foreclosed by the CSRA. His allegations of assault and battery are barred by the intentional torts exception of the FTCA. His employment discrimination claims arising under Michigan's Eliot-

Larsen Civil Rights Act and 42 U.S.C. § 1981 are preempted by the Civil Rights Act of 1964, which provides the exclusive remedy for federal employees subjected to discrimination.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [25] is **GRANTED.** All of Plaintiff's causes of action are dismissed with prejudice, except for his Title VI and Title VII claims, which will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Change Venue, or "Motion to Transfer Equal Employment Opportunity Cases to United States District Court of the Eastern District of Michigan Southern Division" [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Arbitration [33] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 13, 2018    Senior United States District Judge